THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS J. MOSLEY, Appellant.— Judgment unanimously affirmed. Memorandum: Appellant and Irving Dunaway were convicted on a joint trial of felony murder in the killing of the proprietor of a pizza shop during an attempt to commit a robbery. Ronald Adams, a juvenile who fired the shot, pleaded guilty in Family Court and was a witness for the People. Dunaway's conviction was affirmed on a previous appeal. (*People* v. *Dunaway*, 42 A D 2d 689.) Adams testified that while he was visiting at 69 Lenox Street he had a conversation with Dunaway and Mosley in which they decided that they needed money and that the way to get it was to rob somebody; that Mosley supplied the shotgun, drove the car and parked it behind a bar where he waited while the witness and Dunaway committed the robbery; that after entering the pizza shop, he shot the proprietor; that both ran to the car and were driven back to 69 Lenox Street; that he gave the gun back to Mosley, who on a later occasion told him that the gun had been "deposited" in the river. Dunaway testified that Mosely got the gun from a cabinet and gave it to Adams, then drove the car, parked it and waited while the witness and Adams entered the pizza shop. Dunaway also testified that he did not know that Adams had the gun with him at that time. He further stated that after he heard a shot, he and Adams ran to the car and Mosley drove back to Lenox Street; and that later Mosley told him the gun had been thrown in the river. The appellant, Mosley, did not take the stand. There is no merit to appellant's contention that he took no part in the crime and therefore the court erred in denying motions for a directed verdict. "One may be guilty of a felony murder although at the time of the killing he is in another part of the premises (*People* v. *Giusto*, 206 N. Y. 67), or merely a lookout outside the premises (*People* v. *Usefof*, 227 N. Y. 622), or even where he is a distance from the scene of the crime. (See *People* v. *Michalow*, 229 N. Y. 325, 330.) " (*People* v. *Lunse*, 278 N. Y. 303, 312.) The primary contention on this appeal is that we should reverse and grant a new trial in the interest of justice, because the trial court charged the jury that it was a question of fact as to whether Dunaway and Adams were accomplices. No exception was taken and no request was made to charge that they were accomplices as a matter of law. The District Attor-

ney agrees with appellant that the court should have charged as a matter of law that Dunaway and Adams were accomplices, but asserts that the error was harmless and not preserved for review. We also agree that the charge was erroneous (*People* v. *Beaudet*, 32 N Y 2d 371), but conclude that, on the record in its entirety and in the absence of an exception, we will not reverse the conviction in the interest of justice. The jury could not have been misled as to Adams's status as an accomplice, because it knew that Adams had pleaded guilty to this crime. During summations both sides referred to Adams and Dunaway as accomplices. The court charged that an accomplice means a witness in a criminal action who according to the evidence adduced in such action may reasonably be considered to have participated in the offense, and by returning a verdict of guilty against Dunaway the jury obviously found him to be an accomplice. Furthermore, the requirement of CPL 60.22, that the testimony by accomplices must be corroborated, was met by proof given by several independent witnesses. One testified that she observed defendant, Adams and Dunaway talking and saw them leave in Mosley's car. About one hour later they returned and Mosley gave her an empty shell. Another testified that Mosley had a short shotgun and had said that he was going to rob a bank that night; that the next day Mosley said that Adams killed a man, and that if Adams told on him he would get rid of Adams. A third witness heard Mosley say, "We got to get rid of the gun." Finally, a detective testified that Mosley directed him to the bridge where the gun had been thrown into the river. While the jury should have been instructed that Dunaway and Adams were accomplices as a matter of law, we believe that the jury was not misled because the proof clearly established that they were accomplices, and, moreover, their testimony was amply corroborated by other witnesses. In these circumstances, in light of the overwhelming proof of guilt, we should not reverse in the interest of justice for an error in the charge to which no protest was registered at a time when the court had an opportunity of effectively changing the same (CPL 470.05, subd. 2). There is no merit to appellant's contention that his sentence, which was the same as Dunaway's, was excessive. (Appeal from judgment of Monroe County Court convicting defendant of murder and attempted robbery, first degree.) Present — Del Vecchio, J. P., Marsh, Moule, Cardamone and Simons, JJ.